IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, et al. ) ) ) | |
| Plaintiffs, ) | No. 23 CV 733 |
| v. ) | Judge Durkin |
| ) | |
| PRO PRECISION STALLS, INC., ) | Magistrate Valdez |
| ) | |
| Defendant. ) | |

**MOTION FOR JUDGMENT**

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter "Plaintiff Union") and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively "Plaintiff Funds") by and through their attorneys, Gregory W. Hosé, Andrew S. Pigott, and John P. Festa, of Gregorio, Stec, Klein & Hosé, move for judgment against Defendant, PRO PRECISION STALLS, INC. ("PPS"), stating as follows:

1. Plaintiffs filed their Complaint on February 6, 2023 seeking a judgment for a known fringe benefit contribution delinquency, including for the contribution months of August and November 2022, as well as liquidated damages for late/non-payment for those months.

2. On April 27, 2023, the Parties entered into a Settlement Agreement covering the outstanding contributions for August 2022, plus late payment assessments for the contribution months of August through December 2022, plus January 2023, and assessed on the findings for PPS's fringe benefit compliance audit for the period from January 1, 2019 through December 31, 2021. (Ex. A).

1

3. The terms of the Agreement called for PPS to pay $64.497.16 to the Plaintiff Funds, starting with $16,266.83 by April 28, 2023, an additional $25,000.00 by May 15, 2023, and another three $7,832.38 payments on the 15th day of June, July, and August, 2023.

4. The Agreement also called for PPS to pay its March 2023 contributions immediately on execution of the Agreement, and to stay current on its fringe benefit reporting and contribution obligations for the month of April 2023 going forward.

5. Failure to make any of the Agreement's scheduled payments or regular, ongoing contributions constituted a default.

6. In the event of default, all remaining amounts due under the Agreement became due and owing, as well as half of the late payment assessments ($23,497.16) otherwise forgiven with PPS's full performance under the Agreement.

7. PPS and its principals, Debbie Ricci and James Wadas, agreed to be jointly and severally liable for the amounts due under the Agreement, and consented to Plaintiffs confessing judgment on their behalf in the event of default, as well as to Plaintiffs' immediate execution on the judgment. See *Neal v. Target Corp.*, 2016 U.S. Dist. LEXIS 78141, at *12 (N.D. Ill. June 15, 2016) ("It would not make any sense and it would disrupt the integrity of the judicial system for a non-party who voluntarily participated in a settlement conference and whose interests are acknowledged and addressed by the terms of the settlement to be able to contest jurisdiction by arguing that it technically is not a named party to the litigation. The Court, therefore, finds that Northern has submitted to the jurisdiction of this Court in connection with the settlement of this case and that the Court has the inherent authority to enforce the terms of the settlement reached in this case against not only the named parties in this case but also against Northern")

8. PPS paid $16,000.00 on or around April 28, 2023, but has not yet paid its March

2023 contributions in the amount of $20,621.43, nor made its $25,000.00 payment due on May 15, 2023. (Ex. B).

9. PPS is in default under the Agreement, with an outstanding balance of $ 92,615.75.

10. The Agreement also permits Plaintiffs to recover their attorneys' fees and costs incurred in enforcing the Agreement. Those fees and costs total $1,031.25. (Ex. C).

WHEREFORE, Plaintiffs ask this Court to:

A. Enter a money judgment in favor of Plaintiffs and against PRO PRECISION STALLS, INC., DEBBIE RICCI, and JAMES WADAS, jointly and severally, in the amount of $93,647.00, and to permit immediate execution thereon;

B. Grant Plaintiffs such other relief as the Court deems just and equitable.

                                      Respectfully submitted,
                                      **Sheet Metal Workers Local 73 Funds**

                                      By:/s/ Andrew S. Pigott
                                              One of their attorneys

Gregory W. Hosé
Andrew S. Pigott
John P. Festa
**Gregorio, Stec, Klein & Hosé**
Attorneys for Plaintiffs
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343
apigott@gregoriolaw.com